# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FRED LESTER DOSS (# R4918)**                                                         **PLAINTIFF**

**v.**                          **No. 4:11CV1-P-S**

**LIEUTENANT ED THIGPEN, ET AL.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Fred Lester Doss, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was improperly found guilty of a prison rule violation (possession of marijuana) – and was punished by twenty days stay in isolation and loss of 180 days of earned time. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### *Sandin*

The plaintiff's claim that the defendants violated his right to due process by finding him guilty of the rule violation – and punishing him with placement in isolation – must be dismissed. The plaintiff has not set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered

the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). The punishment the plaintiff faced was the same faced by the prisoner in *Sandin*, placement in isolation, which falls within "the expected parameters of the sentence imposed by a court of law," and is not "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin* at 2301. As such, the plaintiff's due process allegation will be dismissed for failure to state a constitutional claim.

## Loss of Earned Time Credit

The plaintiff contends that defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. Section 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court subsequently has applied *Heck* to inmates challenging

the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). In such a case, "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). The plaintiff, if successful in the instant case, would be entitled to accelerated release; as such, he must first obtain *habeas corpus* relief before bringing suit under § 1983. For this reason, the plaintiff's claim that the defendants' actions caused the loss of the plaintiff's earned time credit must be dismissed.

In sum, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of March, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE